*398 The opinion of the Court was delivered by
O’Neall, J.
The correctness of the ruling below is hardly questioned here. It has been suggested that the writ in replevin must precede the replevin bond. No such ground is made by the case. Indeed, the appeal itself concedes, that the bond may be given first. Such unquestionably is the rule where replevin is much more common than it is with us. Archbold’s Landlord and Tenant, 288, thus states the mode of replevying goods : “ Having obtained the consent of two responsible house-keepers to join in the replevin bond, give their names to the officer whom you intend to employ. After satisfying himself as to the responsibility of the sureties, he will give you a certificate to that eifect. Take this to the office of the under sheriif or re-plevin clerk, who will immediately prepare the replevin bond, and if the party and sureties be in attendance, it may then be executed. A precept to your officer to replevy the goods directed to your officer will then be given to you, and your officer will thereupon replevy them.”
This authority would seem to be enough to justify us in saying, that the replevin bond may be given to the sheriff before the writ issues. This is, however, unnecessary to the case before us. The only question made, is, Within what time, after the execution of the replevin bond, must the writ of replevin issue ?• The Act of 1808, 5 Stat. 565, requires the writ to be “ returnable immediately,” but says nothing, when it shall issue. The condition of the bond is to appear at the next term and prosecute the suit with effect and without delay. Arch-bold’s Landlord and Tenant, 259.
This, taken in connection with the provisions of our Act, that the writ shall be returnable immediately, and that the declaration must be filed within one month after the issuing of the writ, (Murphy vs. Sumner, 1 Hill, 216,) would seem to require (when the distress is made in time) that the plaintiff in replevin (the tenant) should sue out his writ in time for the pleading to be perfected at or before the term ensuing the distress. That was done in this case.
*399 The motion is therefore dismissed.
Wardlaw, Withers, Whitner, Glover and Munro, JJ., concurred.

Motion dismissed.